UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 04-5593-GAF (RNBx)<br>CV 06-7815-GAF (RNBx)<br>CV 07-0333-GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|
| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] | | |

Present: The Honorable  GARY ALLEN FEESS

| Marilynn Morris | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers)

**Order Re Motion for Consolidation; Appointment of Lead Plaintiffs and Approval of Selection of Counsel**

The Court has before it the following motions: (1) Motion of Rolf Basler, The Rolf Basler Revocable Trust and Arden Geist for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (filed February 20, 2007 in Case No. CV 06-7815-GAF (RNBx), Sabrina Chin v. Capital Group Companies, Inc. et al.); and (2) Edward Shaftan and Katherine M. Kocan's Motion for Consolidation; Appointment of Lead Plaintiffs and Approval of Selection of Counsel (filed February 27, 2007 in Case No. CV 07-0333-GAF (RNBx), Edward Shaftan v. Capital Group Companies, Inc. et al.).[1]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for April 9, 2007, are **VACATED**, and the matters taken off calendar.

I. **BACKGROUND**

Purchasers of American Funds mutual funds have brought two actions against defendants Capital Group Companies, Inc,, Capital Research and Management Co., and American Funds Distributors, Inc.

---

[1] On March 21, 2007, Edward Shaftan and Katherine M. Kocan filed a Notice of Withdrawal with respect to their motion to be appointed Lead Counsel, and a Non-Opposition to the appointment of Rolf Basler, The Rolf Basler Revocable Trust and Arden Geist as Lead Plaintiffs. Accordingly, the portion of the motions of Mr. Shaftan and Ms. Kocan for appointment as Lead Plaintiffs and Approval of Selection of Counsel is DENIED AS MOOT. The only remaining portion of their motion – asking that their case be consolidated with Chin v. Capital Group Companies, Inc., et al. is considered below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-5593-GAF (RNBx)<br>CV 06-7815-GAF (RNBx)<br>CV 07-0333-GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
|---|---|

(collectively, "Defendants")for violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). The two cases, Sabrina Chin v. Capital Group Companies, Inc. et al., Case No. CV 06-7815-GAF (RNBx), and Edward Shaftan v. Capital Group Companies, Inc. et al., Case No. CV 07-0333-GAF (RNBx), are putative class actions on behalf of all purchasers of one or more American Funds mutual funds from January 1, 2000 through March 23, 2005 (the "Class Period").[2] The plaintiffs in both of these cases are alleging claims for relief for violations of Sections 12(a)(2) and 15 of the Securities Act, and violations of Sections 10(b) and 20(a) and Rule 10b-5 of the Exchange Act.

In both cases, the claims for relief are based upon an alleged illegal kickback scheme in which Defendants paid hundreds of millions of dollars to several brokers/dealers. The alleged kickbacks purportedly were financed by Defendants charging improper and excessive fees, such as brokerage commissions, shareholder fees, advisory fees, and 12b-1 fees, to the plaintiffs and other class members who had purchased the various America Funds mutual funds. In addition, the plaintiffs in both cases have alleged that the prospectuses and statement of additional information (SAIs) issued by Defendants for the various American Funds mutual funds during the Class Period were deceptive and misleading because Defendants purportedly concealed or failed to disclose in the prospectuses and SAIs material information about the mutual funds, including, in part, that improper and excessive fees were being charged to finance the illegal kickback scheme.

The Complaint in Sabrina Chin v. Capital Group Companies, Inc. et al. was filed on December 8, 2006. On December 21, 2006, notice of the Chin case was published via *PR NewsWire*, a national wire service. The notice informed potential class members of the pendancy of the action, and also informed them of their right to move to be appointed lead plaintiff and to designate their choice of lead counsel within sixty days of the notice. Subsequently, on January 12, 2007, the Complaint in Edward Shaftan v. Capital Group Companies, Inc. et al. was filed. On February 20, 2007, Rolf Basler, The Rolf Basler Revocable Trust, and Arden Geist (collectively, "Movants") filed their Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel. On February 27, 2007, Edward Shaftan and Katherine M. Kocan filed their Motion for Consolidation; Appointment of Lead Plaintiffs and Approval of Selection of Counsel. As discussed above, on March 21, 2007, Mr. Shaftan and Ms. Kocan withdrew the portion of their motion related to their appointment as Lead Plaintiffs and approval of their selection of counsel. In addition, Mr. Shaftan and Ms. Kocan stated their non-opposition to the Movants being appointed Lead Plaintiffs. No other papers were filed by either Defendants or other potential class members in response to these motions.

---

[2] On February 9, 2007, the Court entered an order relating these two cases to In re American Mutual Funds Fee Litig., CV 04-5593-GAF (RNBx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-5593-GAF (RNBx)<br>CV 06-7815-GAF (RNBx)<br>CV 07-0333-GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
|---|---|

## II. MOTIONS TO CONSOLIDATE

The Private Securities Litigation Reform Act of 1995 (the "Reform Act") requires the Court to hear motions to consolidate prior to appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The Federal Rules of Civil Procedure authorize courts to consolidate related actions when a common question of law and fact exist among such actions. Fed. R. Civ. P. 42(a).

The Chin and Shaftan cases are appropriate for consolidation. The class period in the two cases is identical: January 1, 2000, to March 23, 2005. In addition, both cases involve the same defendants: Capital Group Companies, Inc., Capital Research and Management Co., and America Funds Distributors, Inc. The same claims for relief – namely, violations of Sections 12(a)(2) and 15 of the Securities Act, and Sections 10(b) and 20(a) and Rule 10b-5 of the Exchange Act – are alleged in both cases. The two actions also appear to be based on the same common facts and pose common questions of law: whether Defendants engaged in an illegal kickback scheme with several brokers/dealers financed by fees and costs paid by plaintiffs and other class members who purchased American Funds mutual funds, and whether the Defendants failed to disclose this material information in the prospectuses and SAIs issued for the mutual funds during the Class Period.

In addition, no opposition to consolidation of the two cases has been filed. The failure of any party to oppose consolidation may be deemed consent to the granting of the motions to consolidate. Local Rule 7-12. Accordingly, the Chin and Shaftan cases are consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a). The lower numbered case, CV 06-7815-GAF (RNBx), Sabrina Chin v. Capital Group Companies, Inc. et al., is hereby designated the Master File. Because the Chin and Shaftan cases previously have been related to the In Re American Funds Fee Litigation, all documents filed hereafter shall bear the In Re American Funds Fee Litigation case number and the following caption:

| IN RE AMERICAN FUNDS FEE LITIGATION | ) | Case No. CV 04-5593-GAF (RNBx) |
|---|---|---|
| | ) | CLASS ACTION |
| | ) | |
| | ) | |
| | ) | |

## III. MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL

### A. The Legal Standard Governing Appointment of Lead Plaintiff

The Reform Act "provides a simple three-step process for identifying the lead plaintiff" in a securities fraud case. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002), cert. denied, 535 U.S. 929 (2002). "The first step consists of publicizing the pendency of the action, the claims made and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-5593 GAF (RNBx)<br>CV 06-7815 GAF (RNBx)<br>CV 07-0333 GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
|---|---|

purported class period." Id. The second step requires, "the district court [to] consider the losses allegedly suffered by the various plaintiffs," and select as the "'presumptively most adequate plaintiff' . . . the one who 'has the largest financial interest in the relief sought by the class' and [who] 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure'." Id. at 729-30. The third and final step requires the court to "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." Id. at 730.

With respect to the first step of the three-step process, the Reform Act provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purposed plaintiff class–
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(ii). However, if more than one action is filed, only the plaintiffs in the first-filed action are required to publish notice. See 15 U.S.C. § 78u(4)(a)(3)(A)(ii).

In applying the second step of the three-step process, the Reform Act provides that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that – (aa) had either filed the complaint or made a motion [for designation as lead plaintiff]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Moreover, in applying the second step of the process, the Cavanaugh court cautioned that "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case . . . So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." Cavanaugh 306 F.3d at 732; see, also, id. at 739 (holding that the Reform Act was not meant to "authorize the district court to select as lead plaintiff 'the most sophisticated investor available'"); Ferrari v. Gisch, 225 F.R.D. 599, 610 (C.D. Cal. 2004) ("Although the court may compare putative lead plaintiffs when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-5593 GAF (RNBx)<br>CV 06-7815 GAF (RNBx)<br>CV 07-0333 GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
|---|---|

comparison").

Finally, in the third step of the three-step process pursuant to the Reform Act, the typicality and adequacy of the presumptive lead plaintiff:

> may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff –
> (aa) will not fairly and adequately protect the interest of the class; or
> (bb) is subject to unique defense that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. The Pending Motion for Appointment as Lead Plaintiff

The pending Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel is brought by Movants, all of whom bought shares in American Funds mutual funds during the Class Period.

#### 1. Publication

As discussed above, on December 21, 2006, Gutride Safier LLP, counsel to the plaintiff in the first-filed action of Chin v. Capital Group Companies, Inc., published notice of the pendency of the case over *PR NewsWire*, a national wire service. The notice advised class members of the filing of the Chin action, the Class Period alleged, and that violations of the Securities Act and Exchange Act had been asserted based upon the allegedly illegal use of investor's assets to pay kickbacks and the purported inclusion of false and misleading statements in prospectuses and other documents. The notice also stated that if class members wished to serve as lead plaintiff, they were required to move the Court for appointment no later than sixty days after the date on which the notice was published. See, 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (stating that within "60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff"). This notice was published less than twenty days after the filing of the Chin Complaint on December 8, 2006, and, therefore, was published in a timely manner pursuant to the Reform Act. See, 15 U.S.C. § 78u-4(a)(3)(A)(ii).

Moreover, Movants timely filed their Motion for Appointment as Lead Plaintiff and Approval of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-5593 GAF (RNBx) <br> CV 06-7815 GAF (RNBx) <br> CV 07-0333 GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
|---|---|

Selection of Lead Counsel on February 20, 2007.[3] See, 15 U.S.C. § 78u-4(a)(3)(A)(ii)(II). Accordingly, Movants have satisfied the first step of the three-step process for being appointed lead plaintiff.

### 2. Financial Stake

The Reform Act "provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy." See, Cavanaugh, 306 F.3d at 732 (emphasis in the original). A review of the Certifications submitted by the Movants demonstrates that Movants are the presumed lead plaintiffs because they have the largest financial stake in the litigation, with American Funds mutual funds purchases of $744,860.54 during the Class Period. In their Non-Opposition, Mr. Shaftan and Ms. Kocan concede that Movants "appear to be the presumptive choice for lead plaintiff" under the Reform Act.

Accordingly, the Court must consider whether Movants satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and in particular, the requirements of "typicality" and "adequacy." See, Cavanaugh, 306 F.3d at 730 (stating that the "district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 239a), in particular those of 'typicality' and 'adequacy'")(emphasis in the original).

### 3. Typicality and Adequacy Under Rule 23

At this stage of the litigation, "nothing more than a preliminary showing is required" with respect to typicality and adequacy. Wenderhold v. Cylink Corp., 188 F.R.D. 577, 587 (N.D. Cal. 1999). As the Court in Gluck v. CellStar Corp., 976 F.Supp. 542, 546 (N.D. Tex. 1997), stated:

> Evidence regarding the requirements of Rule 23 will, of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at this stage.

---

[3] February 20, 2007, the day Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel was filed, is the sixty-first day after the publication of the notice in *PR NewsWire* on December 21, 2006. However, Movant's motion was timely filed because February 19, 2007, the sixtieth day after publication of the notice, the Court was closed in observance of Washington's Birthday, a legal holiday. Pursuant to F.R.C.P. 6(a), when a prescribed time period ends on a legal holiday, the prescribed time period runs until the next day that is not a Saturday, Sunday, or legal holiday.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 04-5593-GAF (RNBx) <br> CV 06-7815-GAF (RNBx) <br> CV 07-0333-GAF (RNBx) | Date  April 4, 2007 |
| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] | |

See, also, Cendant, 264 F.3d at 263 (stating that "[t]he initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy'").

Moreover, "institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements." Cendant, 264 F.3d at 264. In addition, "Courts . . . have routinely held that the appointment of a group of persons to act as lead plaintiff is appropriate under the [Reform Act] and, indeed, is sometimes favored in light of the diversity of experience and interests of the group members." In re Universal Access, Inc., 209 F.R.D. 379, 384 (E.D. Tex. 2002).

    a.    **Typicality**

"The typicality inquiry is intended to assess whether the action can be efficiently maintained as a class and whether the [Lead Plaintiffs] have incentives that align with those of absent class members so . . . that the absentees' interest will be fairly represented." Takeda v. Turbodyne Technologies, Inc., 67 F.Supp. 2d 1129, 1136 (C.D. Cal. 1999) (citation omitted). "Under [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). "Typicality [thus] entails an inquiry whether the named plaintiff's individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." Takeda, 67 F.Supp.2d at 1136-37 (citations omitted).

Movants' claims are typical because, just like other class members, they: (1) purchased American Funds mutual funds during the Class Period; (2) were charged fees and costs that were allegedly used to pay illegal kickbacks to brokers/dealers; (3) purportedly were unaware that these fees and costs were being used to pay illegal kickbacks because the prospectuses and SAIs contained false and misleading information regarding the costs and fees; and (4) suffered damage as a result. Accordingly, Movants' claims are substantially similar, if not identical, to those of other class members who invested in American Funds mutual funds during the Class Period and sustained losses resulting from the allegedly illegal kickback scheme and the purportedly false and misleading information in the prospectuses and the SAIs.

Because a "preliminary showing" is all that is necessary, and because Movants have submitted sworn Certifications indicating that they purchased American Funds mutual funds and suffered losses during the Class Period, the Court concludes that Movants have met their burden of establishing typicality. See, Cendant, 264 F.3d at 265 (citations and internal quotation marks omitted) ("in inquiring whether the movant has preliminarily satisfied the typicality requirement, [the court] should consider whether the circumstances of the movant with the largest losses are markedly different from or the legal theory on which the claims. . . are based differ[] from that upon which the claims of other class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 04-5593 GAF (RNBx)<br>CV 06-7815 GAF (RNBx)<br>CV 07-0333 GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
|---|---|

members will perforce by based").

### b. Adequacy

Rule 23(a) requires that the lead plaintiff be able fairly and adequately to protect the interest of all class members. Fed.R.Civ.P. 23(a)(4). Whether the class representative will adequately represent the class depends on the circumstances of each case. McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559 (5th Cir. 1981). A class representative is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive. In re Northern District of California, Dalkon Shield IUD Products Liability Litigation, 693 F.2d 847, 855 (9th Cir. 1982). In addition, the class representative must have a sufficient interest in the outcome of the case to ensure vigorous advocacy. See, Riordan v. Smith Barney, 113 F.R.D. 60, 64 (N.D. Ill. 1986). "Adequacy, for purposes of the lead plaintiff determination, is contingent upon both the existence of common interests between the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action." In re Milestone Scientific Securities Litigation, 183 F.R.D. 404, 416 (D.N.J. 1998).

Movants are "adequate" lead plaintiffs because, as discussed above, they have suffered the greatest financial loss, which ensures vigorous advocacy, and they each have represented in their Certifications that they are willing and able to undertake the responsibilities of a lead plaintiff.

Moreover, Movants are "adequate" lead plaintiffs because Movants' interests are not antagonistic to those of other class members. Rather, they are aligned because each member of the class purchased American Funds mutual funds during the Class Period and allegedly suffered losses due to the purported illegal kickback scheme. Finally, there is no evidence that Movants' actions are collusive, and they have retained qualified and competent counsel. Proposed lead counsel, Gutride Safier LLP has experience litigating securities class actions on behalf of individual investors. After reviewing the firm's resume, the Court finds Gutride Safier LLP is qualified and competent to serve as class counsel.

Based on the foregoing, Movants have made a *prima facie* showing that they satisfy both the typicality and adequacy requirements of Rule 23. Accordingly, the Court concludes that Movants are the presumptively most adequate lead plaintiff. See, Cavanaugh, 306 F.3d at 730.

### 4. Rebutting the Presumption of Adequacy.

The third step in determining the lead plaintiff is to afford other class members the opportunity to present evidence disputing the lead plaintiff's *prima facie* showing of typicality and adequacy. Id. at 730. Pursuant to the Reform Act, the statutory presumption in favor of the most adequate plaintiff can be rebutted in two ways:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-5593-GAF (RNBx)<br>CV 06-7815-GAF (RNBx)<br>CV 07-0333-GAF (RNBx) | Date | April 4, 2007 |
|---|---|---|---|

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
|---|---|

> The presumption . . . may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff
> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); see, also, In re Advanced Tissue Sciences Securities Litigation, 184 F.R.D. 346, 350-51 (S.D. Cal. 1998). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job . . . [t]he inquiry *is not* a relative one. Cendant, 264 F.3d at 268 (emphasis in the original).

In this case, no opposition to the appointment of the Movants as lead plaintiffs has been filed. Therefore, the presumption that Movants are qualified to act as lead plaintiff has not been rebutted.

Moreover, the failure of any party to oppose the motion of the Movants to be appointed lead plaintiff may be deemed consent to the granting of the motions to consolidate. Local Rule 7-12. Accordingly, the Movants are appointed Lead Plaintiff.

### C. Appointment of Lead Counsel

Once the Court has designated a lead plaintiff, the plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). A court may disturb the lead plaintiff's choice of counsel only if it appears necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

In this case, Movants wish to retain Gutride Safier LLP as lead counsel and Lange & Koncius, LLP as liason counsel. As discussed above, the Court has reviewed Gutride Safier LLP's firm resume and is satisfied that it is capable of serving competently in the role of lead counsel. Gutride Safier LLP has experience representing consumers, shareholders, and employees in a variety of class action litigation throughout the country, including litigating securities fraud class actions on behalf of individual investors.

However, Movants have not offered any evidence that there are any services that Lange & Koncius, LLP could perform as liaison counsel that could not be performed by Gutride Safier LLP. See, In re Nice Systems Securities Litigation, 188 F.R.D. 206, 224 (D.N.J. 1999) (rejecting the proposed lead plaintiffs request for approval of liaison counsel because they failed to offer "any explanation as to what duties would be assumed . . . and why such duties could not be adequately performed by lead counsel. Further it has not been demonstrated how the duties of liaison counsel would not be coextensive with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-5593 GAF (RNBx) | Date | April 4, 2007 |
| --- | --- | --- | --- |
| | CV 06-7815 GAF (RNBx) | | |
| | CV 07-0333 GAF (RNBx) | | |

| Title | Corbi v. Capital Group Companies Inc. et al. [and other actions] |
| --- | --- |

those of the lead counsel"); see, also, Cendant, 182 F.R.D. at 152 ("The chief applicant for appointment as liaison counsel asserted that he would play an integral role in this action, advising lead counsel on local procedural matters, coordinating administrative matters, distributing communications between the Court and other counsel, convening meetings of counsel and advising parties of developments in the case. Qualified lead counsel will be surely capable of performing these ministerial tasks. The Court finds no need to involve another law firm in this matter. Accordingly, all motions for appointment of liaison counsel are denied."). In fact, Movants have not offered any evidence explaining the role the two firms would play in the litigation, how or if they would divide the work required to prosecute this action, and how they would avoid duplicating each other's efforts. Moreover, while Lange & Koncius, LLP appears to have experience with consumer class actions, it has no significant experience handling securities class actions.

Accordingly, the Court concludes that the interests of the class will be best protected by approving Gutride Safier LLP as lead counsel, and declining to approve Lange & Koncius, LLP as liaison counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court appoints Movants as Lead Plaintiffs and approves their selection of Gutride Safier LLP as lead counsel. Movants are directed to file a consolidated class action complaint, not later than sixty (60) days from the date of this Minute Order. The consolidated complaint shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder. The consolidated complaint shall be treated as if it were the original complaint and filing deadlines shall be determined by the filing date of the consolidated complaint. The Court will dismiss the individual complaints after the filing of the consolidated complaint. Defendants shall respond to the consolidated complaint only.

Accordingly, the Court **GRANTS** Movants' Motion to Consolidate and Mr. Shaftan and Ms. Kocan's Motion to Consolidate. The Court also **GRANTS** Movants' Motion to be Appointed Lead Plaintiffs and to have Gutride Safier LLP approved as lead counsel. The Court **DENIES** Movant's Motion to have Lange & Koncius, LLP appointed liaison counsel. Finally, the Court **DENIES AS MOOT** Shaftan and Kocan's Motion to be Appointed Lead Plaintiffs and for Approval of Selection of Lead Counsel.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer